UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MEGAN ROGERS,

                                         Plaintiff,

    vs.                                                      5:20-CV-75
                                                               (LEK/ATB)

CPS, et al.,

                                         Defendants.

---

MEGAN ROGERS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint filed by pro se plaintiff Megan Rogers. (Dkt. No. 1)  Plaintiff Rogers has also filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3).

## I.    **IFP Application**

Plaintiff's IFP application is extremely confusing.  She has completed two IFP forms which are both dated March 28, 2019. (Dkt. No. 2 at 1-2 (Form #1) and Dkt. No. 2 at 3-5 (Form #2)).  Each form is only partially completed.  The court notes that plaintiff filed a previous action in which the court found that her IFP was inadequate and stayed the IFP determination until plaintiff filed a form containing the appropriate information. *See Rogers v. Clinton*, No. 5:19-CV-175 (Dkt. Nos. 2, 4).  In 5:19-CV-175, plaintiff ultimately filed a comprehensible IFP application, and I found that plaintiff met the financial criteria for proceeding IFP, even though I recommended

dismissing the action for lack of subject matter jurisdiction. (Dkt. Nos. 5, 7 in 19-CV-175).

The IFP application(s) that plaintiff filed in the current action contains some of the information that she included in the 19-CV-175 application, but plaintiff has attached a "Prayer for Relief" page of a form complaint as the second page of Form #1.. (Dkt. No. 2 at 1-2). Form #2 contains a different amount listed as her wages than she listed on Form #1, and she has checked various boxes indicating that, in the past year, she has obtained money from different sources, but she does not indicate any amount that she received. (Dkt. No. 2 at 3). The second and third pages of Form #2 are duplicates of the second page of an IFP application, although the answers to the same questions are slightly different on each page. Form #2 is also dated March 28, 2019. (Dkt. No. 2 at 4, 5).

Generally, when a plaintiff submits an improper or incomplete IFP application, the court will stay the IFP determination and allow the plaintiff to resubmit the proper forms and/or information. However, this plaintiff has already had that opportunity in a previous case, she knows how to properly complete the forms, and the court finds as discussed below, that this action is frivolous. Thus, allowing plaintiff to correct her IFP form would not be useful.[1]

In addition to determining whether plaintiff meets the financial criteria to

---

[1] The court also notes, based on plaintiff's prior properly completed IFP application, that plaintiff likely meets the financial criteria for IFP and will proceed to consider the merits.

proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff has filed portions of six different form-complaints as her "complaint" in this action.[2] (Dkt. No. 1).[3] She requested that the Clerk file all the complaint forms as one action. Plaintiff begins with a form reserved for cases brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, et seq. (Dkt. No. 1 at 1). Plaintiff continues with a form for Age Discrimination in Employment ("ADEA") actions. 29 U.S.C. § 626(c)(1). (Dkt. No. 1 at 2-3, 6-7). Plaintiff has also written her complaint on a form for civil rights actions under 42 U.S.C. § 1983. (Dkt. No. 1 at 4-5, 8). Plaintiff has written her complaint on a form for Title VII actions. 42 U.S.C. § 2000e-5, listing "Sammie the cat - diseased" as the plaintiff. (Dkt. No. 1 at 9-11). Plaintiff has also written part of her complaint on a form for actions brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

---

[2] This is not the first time that plaintiff has proceeded in this manner. Plaintiff's claims in 19-CV-175 against Hillary Clinton were presented by filing two different form-complaints and simply writing random facts in each one.

[3] The plaintiff has created her "complaint" by piecing together parts of multiple form complaints into one document, many of which are not paginated. She has also attached Marshal's Forms as part of her complaint. None of the pages in plaintiff's document are consecutively paginated. Thus, for ease of reference, I will cite to the pages of the complaint that have been assigned by the court's electronic filing system ("CM/ECF").

4

(1971). (Dkt. No. 1 at 12-14).

Plaintiff has also attached United States Marshal's form-285s to her complaint, with random messages written on each one. (Dkt. No. 1 at 16-17). Plaintiff has attached a "Notice of Lawsuit and Request for Waiver of Service" form, with additional random messages written on it. (Dkt. No. 1 at 20-21). Finally, the last page of plaintiff's complaint is typewritten and entitled: "CPS2020." (Dkt. No. 1 at 22). Under the heading "Overview," plaintiff has listed: perjury, kidnaping, stalking, slander, racism, domestic terrorism, and hate crime. (*Id.*) She continues listing evidence, including "photos of cult activity," witnesses, background checks/types of music, and "religion/we are not the same." (*Id.*) The last section of this page states that she was "poisoned" eight hours after giving birth, false accusations, invasion of privacy, mental abuse/they are medicated, and conspiracy. (*Id.*)

Plaintiff states that, on "Oct. 3rd," she was "poisoned while having baby."[4] (Dkt. No. 1 at 4). Plaintiff states that from 2001-2003, "DMV - Jewish Hate Crime." (*Id.*) Plaintiff then states that she was "poisoned at 8 yrs old - school lunch." (*Id.*) The facts then make less sense. Plaintiff states "Potsdam - my civil rights!!" (*Id.*) Under "First Cause of Action," plaintiff states that England did get involved, a beneficiary was ignored, and "CPS Cult 7." (Dkt. No. 1 at 5). Under "Second Cause of Action," plaintiff writes "photograph of woman member - sun behind her ear," and "short red

---

[4] Although this sentence does not contain a date, later, plaintiff associates October 3rd with the year 2007. (Dkt. No. 1 at 6).

5

hair - glasses." (*Id.*) On the next page, on what is clearly an ADA form-complaint, plaintiff simply lists: "satanic cult, slander, hate crime." (Dkt. No. 1 at 6). On the same page, plaintiff asks for the following relief: "5 million, rights to my children", and "No further contact with CPS." (Dkt. No. 1 at 7). On the *Bivens* complaint-form, plaintiff states that someone tried to kill her in the hospital,[5] and she was forced to take medication.[6] (Dkt. No. 1 at 12-13). Plaintiff mentions someone named "Sharon," in conjunction with medication, but it is unclear who that person might be.[7] (Dkt. No. 1 at 12).

## III. Subject Matter Jurisdiction/ Adequacy of Pleading

### A. Legal Standards

Federal courts are courts of limited jurisdiction, and before deciding any case on the merits, the court must determine that it has subject matter jurisdiction over the matter. *Humphrey v. Syracuse Police Dep't*, No. 17-3921, __ F. App'x __, 2019 WL 1239881, at *1 (2d Cir. Mar. 18, 2019).

In addition, as this court noted in plaintiff's action against Hillary Clinton, Fed.

---

[5] On one of the Marshal's forms, plaintiff has written: "I was poisoned by CPS at the hospital." (Dkt. No. 1 at 16).

[6] The *Bivens* form states that "she was caught at work," and "husband divorced Levandowski." (Dkt. No. 1 at 12). Plaintiff has also listed a variety of medications on this page, without any explanation. (*Id.*)

[7] On the ADEA complaint form, plaintiff lists "Sharon Zebrowski" as a plaintiff. (Dkt. No. 1 at 2). On one of the Marshal's forms, plaintiff seems to state that Ms. Zebrowski works for CPS and asks for a "warrant for Sharon Zebrowski. (Dkt. No. 1 at 17).

R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Even assuming there is a basis for subject matter jurisdicion, a complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.*

### B. Application

#### 1. Jurisdiction

Ignoring for the moment, plaintiff's multiple complaint forms and random incomprehensible statements, and giving the complaint an extremely liberal interpretation, plaintiff claims that CPS and CPS "worker" Andrea Levandowski, somehow violated plaintiff's civil rights. In plaintiff's previous lawsuit against Hillary Clinton, she was also complaining vaguely about the actions of CPS,[8] but as this court noted, CPS was not a defendant in the action. (Dkt. No. 7 at 7 in 19-CV-175). Plaintiff was attempting to hold Hillary Clinton responsible for some apparently unfavorable or harmful actions that CPS took against plaintiff. (*Id.*)

Now plaintiff has named CPS, Andrea Levandowski, and "Social Worker, Dep't

---

[8] I assume, as I did in 19-CV-175, that CPS stands for Child Protective Services.

7

of State" as defendants. (Dkt. No. 1 at 1). There is no such person as "Social Worker, Dep't of State,"[9] and thus, the court will focus on CPS and Andrea Levandowski as defendants.[10] The closest basis for jurisdiction for a claim that someone in CPS[11] violated plaintiff's civil rights would be 42 U.S.C. § 1983.[12] In order to state a claim under section 1983, plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a person, acting "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

### 2. Sufficiency of Pleading

While Andrea Levandowski, as a CPS worker, acts under color of state law, and CPS, as an entity, is a state actor, plaintiff's complaint makes absolutely no non-frivolous claims against either the individual or the entity. Plaintiff's claims are

---

[9] Plaintiff has not named such an individual.

[10] On one of the extra pages attached to her complaint, plaintiff seems to ask for an "arrest warrant" for "Sharon Zebrowski." Sharon Zebrowski is listed as a "plaintiff" on the ADA form, while Andrea Levandowski is listed as the defendant in the body of the same form. (Dkt. No. 1 at 2-3). Plaintiff and her "daughter" are listed as defendants on the same form. (Dkt. No. 1 at 4).

[11] Because CPS is a County entity, if plaintiff wished to sue CPS under section 1983, she would have to allege municipal liability of Onondaga County. In order to do so, plaintiff would have to allege a policy or custom of the County that caused the violation of her constitutional rights. *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted).

[12] None of the other form-complaints provide a basis for jurisdiction. Plaintiff is not employed by CPS, and she is not claiming discrimination based on her age, disability, or her "pregnancy." Thus, the form-complaints for employment discrimination do no confer jurisdiction over plaintiff's "claims." CPS is a County agency, not a federal agency, thus, *Bivens* does not provide a basis for jurisdiction.

unintelligible. Plaintiff claims that she was "poisoned" while having a baby, but makes absolutely no connection between any defendant and how she was poisoned. She also does not explain how she was poisoned and what her damages may have been. Plaintiff also claims that she was "poisoned" in school when she was eight years old, but does not allege how any listed defendant or anyone else that she mentions in her documents, was involved in such conduct.[13] She also does not allege how she was "poisoned" or any other explanatory facts.[14]

Later plaintiff states that she was "forced" to take medication, but does state when this happened, and does not claim that defendant Levandowski was involved in this alleged conduct. Plaintiff's other random statements regarding, inter alia, dead cats, hate crimes, the DMV, and cults, make this complaint impossible to decipher. In one of her "Causes of Action," she states: "Well England did get involved," "Beneficiary that was ignored," and "CPS -Cult 7." (Dkt. No. 1 at 5). The Second Cause of Action states: "Photograph of member -woman - sun behind her ear," and "short red hair - glasses." (*Id.*) Another page simply states: "Satanic Cult," "Slander,"

---

[13] Personal involvement by a defendant is also a prerequisite to any claim of damages in a section 1983 action. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

[14] These facts are written on the ADEA complaint-form, after plaintiff checked the box stating that the conduct involved "Failure to Promote." (*See* Dkt. No. 1 at 3, 4-5). In the same form, she listed herself as a defendant, wrote that she was "not swearing on a bible," and appears to refer to herself as "the Sultan's daughter-in-law." (Dkt. No. 1 at 4).

9

and "Hate Crime."[15] (Dkt. No. 1 a 6).  Defendants would not be able to defend against such random statements.  The complaint must be dismissed as frivolous and for failure to state a claim, even if plaintiff could assert subject matter jurisdiction under section 1983 because the defendants act under color of state law.

To the extent that plaintiff appears to make some sort of claim that there has been a state crime or a "federal crime" committed by any defendant, or appears to request that the court issue an arrest warrant, "[a]n individual plaintiff has no private right of action to enforce state criminal statutes." *Berger v. NYS Office for People with Developmental Disabilities*, No. 6:16-CV-1277, 2016 WL 11265988, at *6 (N.D.N.Y. Nov. 8, 2016), *report and recommendation adopted*, 2017 WL 696686 (N.D.N.Y. Feb. 22, 2017) (citations omitted). "Absent guidance from state courts, federal courts are hesitant to imply private rights of action from state criminal statutes." *Watson v. City of New York*, 92 F.3d 31, 36 (2d Cir. 1996).  This applies to federal crimes as well. *Forkin v. Local 804 Union*, 394 F. Supp. 3d 287, 308 (E.D.N.Y. 2019) (citations omitted). Thus, plaintiff's request for a "warrant" must be dismissed.

---

[15] The court also notes that on one of the pages of the complaint, she states that the alleged "discriminatory" acts occurred between "Oct 3rd 2007 - Sept 14'." (Dkt. No. 1 at 6).  If jurisdiction in this action is conferred pursuant to 42 U.S.C. § 1983, it is likely that the three-year statute of limitations has expired. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989) (New York's three-year statute of limitations applies to section 1983 claim).

## IV. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

Plaintiff's claims in this case will not be cured by allowing her to amend her complaint(s). Any attempt to amend would be futile. Even if plaintiff could assert subject matter jurisdiction under section 1983 because the defendants are state actors, the complaint is truly a jumble of thoughts that fail to make any sense and is frivolous. The complaint in plaintiff's prior action contained many of the same deficiencies as the complaint in this action, suggesting that providing her an opportunity to amend would be pointless. Thus, this court recommends that the "complaint" be dismissed without the opportunity for amendment.

## V. Appointment of Counsel

### A. Legal Standards

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court

11

in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B.   Application

The court could deny plaintiff's application simply because plaintiff has failed to properly complete her IFP application. However, the even if I consider the *Hodge* factors, plaintiff cannot meet the first requirement for appointment of counsel. Her complaint is frivolous and therefore does not have "substance." Thus, the court will deny appointment of counsel.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **Granted for purposes of filing only**, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (B)(ii), without the opportunity to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 6, 2020

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge