UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MEGAN ROGERS,

                            Plaintiff,

          -against-                                    5:20-CV-0075 (LEK/ATB)

CPS, *et al.*,

                            Defendants.

_____

### DECISION AND ORDER

## I.    INTRODUCTION

Pro se plaintiff Megan Rogers has brought this civil rights action in forma pauperis ("IFP") against "CPS"[1] of Onandaga County (the "County"), Andrea Levandowski, who is an employee of CPS, and "Social Worker, Dep't of State." Dkt. Nos. 1 ("Complaint") at 1; 2 ("IFP Application"). On February 6, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a report-recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt No. 5 ("Report-Recommendation"). Finding that amendment would be futile since Plaintiff's Complaint is a "frivolous" "jumble of thoughts that fail to make any sense," he recommended that the Court dismiss the Complaint with prejudice. R. & R. at 11.

On February 18, 2020, Plaintiff filed objections to the Report-Recommendation. Dkt. No. 6 ("Objections").

For the reasons that follow, the Court adopts the Report-Recommendation in part and modifies it in part.

_____

[1]  The Court construes "CPS" to refer to "Child Protective Services," a county agency.

## II.    STANDARDS OF REVIEW

### A.  Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B.  Section 1915(e)(2)(B)

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that— . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to

---

[2] An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain a complaint. See id.

A court may not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Hence, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

The Court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but

particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (internal citations omitted).

## III.   DISCUSSION

Plaintiff's Objections make no direct argument about Judge Baxter's findings and instead provides an assortment of random statements. Objs. at 1–3. For instance, Plaintiff asserts that "Queen Elizabeth wants to cut her head off," a "bottle of baby powder was thrown in [Plaintiff's] yard," and some unidentified individuals found "a barn w[ith] bones" after conducting a search warrant. Id. Thus, the Court reviews the Report-Recommendation for clear error. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3454099, at *1 (N.D.N.Y. July 31, 2019) (Kahn, J.) (observing that clear error review is warranted when the objections do not directly address the magistrate judge's findings), appeal dismissed by No. 19-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019). While it finds none, the Court will modify Judge Baxter's recommendation that the Court dismiss Plaintiff's Complaint with prejudice.

Giving Plaintiff's Complaint an extremely liberal interpretation, which the Court may do since Plaintiff is litigating this action pro se, see Guan v. New York State Dep't of Envtl. Conservation, No. 16-CV-2180, 2019 WL 1284260, at *4 (E.D.N.Y. Mar. 20, 2019), Plaintiff claims that CPS and Levandowski violated her constitutional rights under 42 U.S.C. § 1983.[3, 4]

---

[3] As the Magistrate Judge observed, "There is no such person as 'Social Worker, Dep't of State,' and thus, the [C]ourt will focus on CPS and Andrea Levandowski as defendants." See R. &. R. at 8.

[4] "42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. (citing City of Oklahoma City v.

Even though, as Judge Baxter found, Plaintiff's Complaint does not include allegations, let alone plausible ones, which suggest CPS or Levandowski deprived Plaintiff of any constitutional rights, R. & R. at 8–11, the Court observes that Plaintiff included allegations in her objections suggesting that CPS and Levandowski caused Plaintiff to lose custody of her children in violation of Plaintiff's due-process rights. First, Plaintiff alleges that CPS and Levandowski took her children from her because they found Plaintiff "conceited, arrogant, [and] argumentative." Objs. at 2. She also avers they took her children despite the fact that Plaintiff "work[ed] [her] . . . ass off," attended "[four] programs a week in order to document [she] was a responsible parent," "passed drug testing," and passed a mental health evaluation. Id. at 1.

"Although the Court need not consider new allegations raised in [Plaintiff's] objections to [the Report-Recommendation]," see Sanders v. Long Island Newsday, No. 09-CV-2393, 2010 WL 3419659, at *3 n.2 (E.D.N.Y. Aug. 27, 2010) (citations omitted), the Court will analyze whether Plaintiff has plausibly pled due-process claims against CPS and Levandowski.

As an initial matter, Plaintiff cannot sue CPS because it is an administrative arm of Onandaga County. See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."); Lukes v. Nassau Cnty. Jail, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against Nassau County Jail because it "is an

Tuttle, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived h[er] of a federal right." Id.

administrative arm of Nassau County, without a legal identity separate and apart from the County").

Nevertheless, in deference to Plaintiff's pro se status, the Court considers whether Plaintiff has stated constitutional claims against the County, who is the real party in interest. See Solis v. Cnty. of Westchester, No. 94-CV-5102, 1995 WL 14072, at *1 (S.D.N.Y. Jan.10, 1995) (noting that a county agency is not a suable entity and that the county is the real party in interest); N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county.").

It is well-established that a municipality[5] may not be held liable under § 1983 on the basis of respondeat superior. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690–91 (1978). Rather, municipalities are responsible only for "their own illegal acts." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). In order to sustain a § 1983 claim for municipal liability, a plaintiff must show that he suffered a constitutional violation and that the violation resulted from an identified municipal policy or custom. Monell, 436 U.S. at 694–95. A municipal policy or custom may be established where the facts show: (1) a formal policy, officially promulgated by the municipality, id. at 690; (2) an action taken by an official who is responsible for establishing municipal policies with respect to the subject matter in question, Pembaur, 475 U.S. at 483–84; (3) an unlawful practice by subordinate officials so permanent and widespread as to practically have the force of law, City of St. Louis v. Praprotnik, 485 U.S. 112, 127–30 (1985); or (4) a

---

[5] The principles of municipal liability also apply to counties. Holmes v. Cty. of Montgomery, No. 19-CV-617, 2020 WL 1188026, at *6 n.5 (N.D.N.Y. Mar. 12, 2020) (Kahn, J.) (citing Hill v. Cty. of Montgomery, No. 14-CV-933, 2019 WL 5842822, at *17 (N.D.N.Y. Nov. 7, 2019)).

failure to train, supervise, or discipline that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

As to Plaintiff's potential claim against Levandowski, it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" Austin v. Pappas, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to . . . § 1983 suits." Iqbal, 556 U.S. at 676.

Taken together, Plaintiff's allegations in the Complaint and her Objections are insufficient to suggest that the County had some policy or custom that violated Plaintiff's due-process rights. Nor are they sufficient to suggest that Levandowski was personally involved in any deprivation of Plaintiff's due-process rights. Consequently, the Court concludes Plaintiff has not plausibly pled these defendants violated her rights. Nevertheless, because Plaintiff's objections contain new allegations not found in the original Complaint, the Court will provide Plaintiff with an opportunity to file an amended complaint. See Sanders, 2010 WL 3419659, at *3 n.2 (allowing a pro se plaintiff to replead claims that the magistrate judge concluded should be dismissed with prejudice because the plaintiff made new allegations supporting those claims in his objections to the magistrate judge's a report-recommendation).

If Plaintiff wishes to amend her Complaint, she must file an amended complaint that complies with Federal Rule of Civil Procedure Rule 15. Any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Any amended complaint must also be signed by Plaintiff and comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **MODIFIED** to the extent that it recommends dismissal of Plaintiff's claims with prejudice. The Report-Recommendation is otherwise **APPROVED and ADOPTED**; and it is further

**ORDERED**, that Plaintiff's § 1983 claim against CPS is **DISMISSED with prejudice** as CPS is an entity not subject to suit; and it is further

**ORDERED**, that Plaintiff's § 1983 claims against the County, Levandowski, and "Social Worker, Dep't of State" are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that CPS, the County, Levandowski, and "Social Worker, Dep't of State" are **TERMINATED** as defendants in this action; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, she must file an amended complaint as directed above within **sixty days** of filing date of this Decision and Order; and it is further

8

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment without further order of this Court indicating that this action is **DISMISSED without prejudice pursuant** to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by Plaintiff to the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk that does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      April 29, 2020
            Albany, New York


Lawrence E. Kahn
U.S. District Judge